IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUSTIN YOUNGBLOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15CV859-WHA |
| ) | |
| TROY CITY MUNICIPAL COURT, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

By order entered on November 18, 2015, the District Judge has referred this case to the undersigned for action or recommendation on all pretrial matters. (Doc. # 6). Plaintiff Justin Youngblood, proceeding *pro se*, has filed a motion for leave to proceed *in forma pauperis* in this action. Upon consideration of the motion, it is

ORDERED that the motion (Doc. # 2) is GRANTED.

However, upon review of the complaint, the court concludes that some of plaintiff's claims are due to be dismissed prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] Thus, it is further

ORDERED that the Clerk is DIRECTED to serve the summons and complaint on the defendants, and that defendants' obligation to file an answer or otherwise to respond to the

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

complaint is STAYED pending further order of the court.

Plaintiff styles his complaint "CIVIL RIGHTS LIABILITY UNDER 42 USC 1983" and seeks redress for a violation of his due process rights and for assault and battery. (Complaint, p. 1). In the verified complaint, plaintiff alleges the following:

> On the day of November 4th of 2015, I Justin Youngblood was scheduled for an arraignment at 8:30 a.m. for attempt to elude, resisting arrest, & criminal mischief 3rd degree. After my name was called, I begin to exercise my Constitutional Right by the Authority of the 6th Amendment to be informed of the nature and cause of the accusation.  N. J. Cereva, administrator, begin to ask how do I plea.  I then stated I could not enter a plea until I had questions answered concerning the nature and cause of the accusation by the Authority of the 6th Amendment.  After refusing to hear and acknowledge my questions I then reserved my rights under the US Constitution and Constitution of the State of Alabama. Immediately, I was threatened by Administrator N. J. Cereva to be held in contempt if I did not enter a plea.
>
> After not consenting to enter a plea or contracting with the court without being informed of full disclosure to the nature and cause of the accusations, I was ignored and ordered to be held in contempt. As the bailiff approached, I informed him that any violation of my rights, life, limb, or property would be brought before a federal court. Again, ignored by the bailiff and 3 of his colleague, I was forcedly grabbed and carried out of court without any due process of law. With no jurisdiction to make the order of contempt or jurisdiction to make any order the judge/ administrator, N. J. Cereva, was completely in an excess of jurisdiction and ULTRA VIRES.  Due to these torts and ULTRA VIRES I was assaulted by Officer Greg Wright once carried by other officers into the City Jail. While being held by other officers I was forcedly choked by Officer Greg Wright, for two to three minutes. In the process of being choked I screamed for help gradually over and over. After calling for help, I was put in a cell with no uniform or clothing. While trying to be released by a bondsman, I was placed on a hold for 24 hrs before able to bond.  After contacting the Mayor office on this matter I was released the same day of November 4th of 2015 approximately 3:00 p.m.

Complaint, ¶¶ 1-2.  Plaintiff further alleges that, upon his release, he "immediately rushed

to the local hospital[,]" where he was treated and released.  Id., ¶ 3.  X-rays performed at the hospital "showed bruised scratches and scar tissue."  Id.  Plaintiff seeks a judgment awarding him damages in the amount of $250,000.00 against the City of Troy Municipal Court, Cereva,[2] and Wright.  (Id., p. 2).

## DISCUSSION

### Judicial Immunity

Plaintiff refers to defendant Cervera as "Administrator" (Complaint, ¶ 1), "judge/ administrator" (id., ¶ 2), and "magistrate" (Notice of Claim attached to complaint).  The municipal court's records[3] reflect that N. J. Cervera is the judge who presided over the

---

[2]  The municipal court's docket reflects that this defendant's surname is Cervera, not "Cereva."  In this recommendation, the court adopts the spelling used by the municipal court for this defendant's name.  (See n. 3, *infra*, and Doc. # 8).

[3]  Plaintiff alleges that Judge Cervera "ordered [plaintiff] to be held in contempt" and that he did so "[w]ith no jurisdiction to make the order of contempt or jurisdiction to make any order[.]" (Complaint, ¶ 2). The subject matter jurisdiction of the state court is a matter of law and, thus, the court need not accept plaintiff's allegation as true. The court finds that, by challenging Judge Cervera's jurisdiction to enter the contempt order, plaintiff has incorporated by reference the Troy Municipal Court's record of proceedings for the charges against him that appeared on the docket of November 4, 2015, and that the municipal court record is central to plaintiff's claim that Judge Cervera violated plaintiff's due process rights by ordering – in the absence of jurisdiction to do so – that plaintiff be held in contempt of the court. The court may take judicial notice of the municipal court's record in evaluating the present complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). See LaGrasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004)("In analyzing the sufficiency of the complaint, we limit our consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed."); Davis v. Self, 547 F. App'x. 927, 929-30 (11th Cir. Nov. 19, 2013)(unpublished opinion)(finding no error in district court's taking judicial notice, in resolving a Rule 12(b)(6) motion, "of opinions and judgments in the underlying custody and child support proceedings, many of which were attached as exhibits to [the plaintiff's] complaint")(citing Fed. R. Evid. 201(b)(2); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); and United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)).  While "a complaint conflicting with facts of which the district court may take

November 4, 2015, docket. Judge Cervera's absolute judicial immunity bars plaintiff's §1983 claims against him for damages.[4] "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the '"clear absence of all jurisdiction."'" Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)(quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see Stump, 435 U.S. at 362 ("The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.").[5]

---

judicial notice might also properly be dismissed under Section 1915[]" (Taylor v. Gibson, 529 F.2d 709 (5th Cir. 1976), there are no such conflicts in the present case between plaintiff's allegations and the judicially-noticed municipal court records.

[4] Plaintiff seeks monetary damages only. (See Complaint, p. 2).

[5] Judicial immunity is an affirmative defense. Boyd v. Carroll, 624 F.2d 730,732-33 (5th Cir. 1980). It may, nevertheless, support dismissal for failure to state a claim on which relief may be granted, if the complaint itself establishes the defense. See Sibley, 437 F.3d at 1070 n. 2 ("We reject Sibley's argument that the failure to plead the affirmative defense of judicial immunity precludes dismissal, because dismissal is available, as in this case, when the defense is an obvious bar given the allegations"); see also LeFrere v. Quezada, 582 F.3d 1260, 1263 (11th Cir. 2009)("If the complaint contains a claim that is facially subject to an affirmative defense, that claim may be

Plaintiff complains of the defendant judge's in-court conduct during the docket held at 8:30 a.m. on November 4, 2015, and seeks monetary damages arising from Judge Cervera's decision to proceed without acknowledging or answering plaintiff's questions regarding the "nature and cause of the accusation" (Complaint, ¶ 1) and, thereafter, holding plaintiff in contempt of the court (id., ¶ 2). Plaintiff alleges no extrajudicial acts by Judge Cervera and no encounters with him other than in court. It is clear that plaintiff's claims rest entirely on acts performed by Judge Cervera in the performance of normal judicial functions. Thus, Judge Cervera is absolutely immune from plaintiff's claims for damages unless he acted in the "'clear absence of all jurisdiction.'" Bolin, 225 F.3d at 1239 (citation omitted).

The Alabama legislature has provided that the municipal court "shall have jurisdiction of all prosecutions for the breach of the ordinances of the municipality within its police jurisdiction" and "concurrent jurisdiction with the district court of all acts constituting violations of state law committed within the policy jurisdiction of the municipality which may be prosecuted as breaches of municipal ordinances." Ala. Code § 12-14-1(b), (c). Plaintiff alleges that "[o]n the day of November 4th of 2015, I, Justin Youngblood was scheduled for an arraignment at 8:30 a.m. for attempt to elude, resisting arrest, & criminal mischief 3rd degree." (Complaint, ¶ 1). The municipal court docket for 8:30 a.m. on

---

dismissed under Rule 12(b)(6)); Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984), *opinion reinstated on rehearing en banc*, 764 F.2d 1400 (11th Cir. 1985)("The claim may be adequately stated ... but in addition to the claim the complaint may include matters of avoidance that preclude the pleader's ability to recover. When this occurs, the complaint has a built-in defense and is essentially self-defeating.").

November 4, 2015, indicates that plaintiff appeared before Judge Cervera on three cases: 14N0317, 15N0823, and 15N0824. (See Doc. # 8). The complaints in each of these cases charge the plaintiff with violating "Ordinance Number 1-14-1[,]" which is alleged to embrace particular cited provisions of Title 13A of the Alabama Code. In case number 14N0317, the complaint charges that plaintiff committed the offense of "CRIMINAL MISCHIEF 3RD within the City of TROY or in the police jurisdiction thereof[.]" (Doc. # 8-1). The complaints in case numbers 15N0823 and 15N0824 charge plaintiff with, respectively, "Resisting Arrest" and "Attempting to Elude[,]" also "within the City of TROY, ALABAMA or in the police jurisdiction thereof[.]" (Docs. ## 8-2, 8-3). He does not state the factual basis underlying his conclusory allegation that Judge Cervera had no jurisdiction to issue any order at all, including the contempt order, or that he acted *ultra vires* and "completely in an excess of jurisdiction." (See Complaint, ¶ 2). Because plaintiff was charged with violating – within the City of Troy or its police jurisdiction – a municipal ordinance that embraces the state criminal code, the Troy Municipal Court had subject matter jurisdiction over each of the three cases in which plaintiff appeared before Judge Cervera on November 4, 2015. See Ala. Code, § 12-14-1; Art VI, § 145, Ala. Const. of 1901 ("All municipal courts shall have uniform original jurisdiction limited to cases arising under municipal ordinances as prescribed by law."); see generally, Ex parte Safeway Ins. Co. of Alabama, Inc., 148 So.3d 39, 42-43 (Ala. 2013)("Subject matter jurisdiction is a simple concept: Jurisdiction of the subject matter is the power to hear and determine cases of the

general class to which the proceedings in question belong. ... In determining a trial court's subject-matter jurisdiction, this Court asks only whether the trial court had the constitutional and statutory authority to hear the case. Problems with subject-matter jurisdiction arise if, for example, a party files a probate action in a juvenile court, a divorce action is a probate court, or a bankruptcy petition in a circuit court, because the nature or class of those actions is limited to a particular forum with the authority to handle them.")(citations and internal quotation marks omitted); Ex parte Collins, 84 So.3d 48, 51-52 (Ala. 2010) ("Subject-matter jurisdiction concerns a court's power to decide certain *types* of cases. Further, a court's power is derived from the Alabama Constitution and the Alabama code. Therefore whether a circuit court has subject-matter jurisdiction over a case is determined by inquiring as to whether the circuit court has the requisite constitutional or statutory authority over the case.") (internal quotation marks, alteration brackets, and citations omitted; emphasis in original). Thus, Judge Cervera is entitled to absolute judicial immunity as to plaintiff's § 1983 claims for damages even if, as plaintiff contends, the defendant's acts were in excess of his authority. Dykes v. Hosemann, 776 F.2d 942, 946 (11th Cir. 1985) (*en banc*) (judges having subject matter jurisdiction of a case enjoy absolute immunity from § 1983 claims for damages); Bolin, 225 F.3d at 1239 (absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction")(citing Stump, 435 U.S. at 356); Harris v. Deveaux, 780 F.2d 911, 916 (11th Cir. 1986) (holding that a Georgia municipal court judge had absolute judicial immunity because he acted in his

7

judicial capacity and did not act "in the 'clear absence of all jurisdiction'").

To the extent that plaintiff asserts claims arising under state law against Judge Cervera,[6] any such claims are also due to be dismissed. See Ex parte City of Greensboro, 948 So.2d 540, 542 (Ala. 2006) (observing, in deciding a case involving claims against a municipal magistrate, that "[j]udges acting in an official judicial capacity are entitled to absolute judicial immunity under Alabama law[.]"); id. at 543-44 ("Davis's actions, as a magistrate and court clerk for the City of Greensboro, were discretionary judicial acts. She is entitled to absolute judicial immunity ... . Consequently, we pretermit any discussion of the issue of discretionary-function immunity."). According to the complaint, Judge Cervera was in the process of taking plaintiff's plea when he ordered that plaintiff be held in contempt of court. (Complaint, ¶¶ 1-2). Taking a criminal defendant's plea and holding a party in contempt are uniquely judicial functions, and plaintiff alleges no extra-judicial acts by Judge Cervera. Accordingly, plaintiff's state law claims against Judge Cervera are also barred by the defendant's absolute judicial immunity.

## Municipal Liability

In the style of his complaint, plaintiff names the Troy City Municipal Court as a defendant. (Doc. # 1, p. 1). However, he attaches to his complaint a copy of a Notice of

---

[6] While it is not clear from the allegations in the body of the complaint that plaintiff brings a state law cause of action against Judge Cervera, the "Notice of Claim" that he has attached to his complaint indicates that plaintiff claims injury resulting from Officer Wright's assault and battery and Judge Cervera's "violation of the US Constitution and state of Alabama Constitution." (Doc. # 1-1).

Claim bearing a statement that it was hand-delivered to the city clerk and in which he claims to have suffered injury and damages due to the conduct of "CITY EMPLOYEE[S] ... N.J. Cereva and Greg Wright[.]" (Doc. # 1-1). Pursuant to its duty to construe the *pro se* plaintiff's complaint liberally, the court treats the complaint as asserting claims against the City of Troy, instead of the city court.[7] However, plaintiff's allegations fail to state an actionable § 1983 claim or state law claim against the city based on Judge Cervera's conduct.

This is true for two reasons. First, "[a] municipality may not be held liable under section 1983 on a theory of *respondeat superior*. It is only when the execution of the government's policy or custom ... inflicts the injury that the municipality may be held liable under section 1983." Snow v. City of Citronelle, 420 F.3d 1262, 1270-71 (11th Cir. 2005) (citing City of Canton v. Harris, 489 U.S. 378, 385 (1989)) (internal quotation marks omitted). Plaintiff alleges no facts to suggest that his injury was the direct result of a municipal policy or custom and, thus, he has failed to state a § 1983 claim against the city based on the alleged conduct of either Judge Cervera or Officer Wright.

---

[7] It is questionable whether the Troy Municipal Court is an entity subject to suit under Alabama law. See Ala. Code, Tit. 12, Ch. 14, Art. 1 (creating municipal courts without any indication of legislative intent to authorize lawsuits against the courts); Tallaseehatchie Creek Watershed Conservancy Dist. v. Allred, 620 So.2d 628, 631 (Ala. 1993) ("[T]CWCD will be subject to suit unless the language in [the statute specifying the powers of the district's board] is insufficient to authorize an action against TCWCD."); Cook v. St. Clair County, 384 So.2d 1, 4 (Ala. 1980) ("Section 11-1-2, Code 1975, provides, 'Every county is a body corporate, with power to sue or be sued in any court of record.' This provision contains the words 'be sued' which this Court has stated in Lorence, Sims and Caver to be essential to a determination of statutory authorization of suits against a governmental entity."). Because it appears from the "Notice of Claim" attached to plaintiff's complaint that he intends to sue the City of Troy, the court need not resolve this issue.

Additionally, because the alleged conduct of Judge Cervera entitles the municipal court judge to absolute judicial immunity, the city may not be held liable for that conduct. See Ex parte City of Greensboro, 938 So.2d at 543-544 ("Davis's actions, as a magistrate and court clerk for the City of Greensboro, were discretionary judicial acts. She is entitled to absolute judicial immunity, and the City of Greensboro cannot be held liable for those acts."). Thus, plaintiff fails to state a claim under state law against the city for any injury caused by Judge Cervera's conduct.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that, pursuant to 28 U.S.C. § 1915(e)(2)(B):

(1) plaintiff's claims against Judge N. J. Cervera be DISMISSED, as they are barred by Judge Cervera's absolute judicial immunity;

(2) plaintiff's state law claims against the Troy City Municipal Court (City of Troy) – to the extent that they arise from Judge Cervera's conduct – be DISMISSED, as they are also precluded by the defendant judge's absolute judicial immunity;

(3) all of plaintiff's § 1983 claims against the Troy City Municipal Court (City of Troy) be DISMISSED, as the complaint does not state a claim for municipal liability under § 1983;

(4) that this matter be referred back to the undersigned Magistrate Judge for further proceedings.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the plaintiff.  Plaintiff is DIRECTED to file any objections to this Recommendation on or before December 8, 2015. Any objections must identify the specific factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects.  Frivolous, conclusory, or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; see Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 24th day of November, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE