IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUSTIN YOUNGBLOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15CV859-WHA |
| ) | |
| TROY CITY MUNICIPAL COURT, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

After the presiding District Judge's order of December 9, 2015, the only claims pending in this matter arise from the alleged conduct of Officer Greg Wright at the city jail.[1] (Doc. # 14). Upon consideration of the allegations of the complaint and the prior proceedings in this matter, the court concludes that this action is due to be dismissed without prejudice, in the absence of any federal claim to support the continued exercise of supplemental jurisdiction over plaintiff's state law claims. In the alternative, this action is due to be dismissed without prejudice pursuant to Rule 41(b) due to plaintiff's failure to prosecute this action or to comply with orders of the court.

**BACKGROUND**

Regarding defendant Wright, plaintiff alleges, "[I] was assaulted by Officer Greg Wright once carried by other officers into the City Jail. While being held by other officers

---

[1] These claims do not include a federal claim against the City of Troy, as any such claim was dismissed by previous order of the court. (See Doc. # 14).

I was forcedly choked by Officer Greg Wright, for two to three minutes.  In the process of being choked I screamed for help gradually over and over." (Doc. # 1, p. 2).  Plaintiff alleges no other facts pertaining to defendant Wright or to his conduct at the jail on November 4, 2015.

On December 10, 2015, the undersigned Magistrate Judge directed the plaintiff to file an amended complaint.  The court specified, *inter alia*, that the amended complaint "must include *all* of the claims that plaintiff wishes to assert in this action, including the claims that remain pending before the court"; the court further required that the amended complaint stand on its own without incorporating any portion of the original complaint.  As to any individual named as a defendant, the court directed the plaintiff to specify whether he sues that person in his individual capacity, his official capacity, or both. The court set a deadline of December 29, 2015, for amendment and cautioned the plaintiff that, if he failed to file an amended complaint that complied with the terms of the order, this action may be dismissed. (Doc. # 15).

Plaintiff did not file an amended complaint as directed by the court, nor did he seek an extension of time to do so.  Accordingly, on January 4, 2016, the court issued an order directing the plaintiff to show cause, in writing, why this action should not be dismissed.  The court set a deadline of January 14, 2016, for plaintiff's response to the show cause order. The court warned the plaintiff that, "if he fails to file the written response required by this order, or to comply with any other order of the court, this action may be dismissed." (Doc.

# 17). Plaintiff has not responded to the order to show cause, nor has he sought an extension of the deadline.

## DISCUSSION

### Plaintiff's Remaining Claims Arise Under State Law

The court directed plaintiff to amend his complaint in order to facilitate further proceedings in this matter. As to the claims that remain pending, the court sought to clarify the nature of those claims. While plaintiff asserted federal constitutional claims against now-dismissed defendant Cervera (and against the City based on Cervera's conduct), it is not at all clear from the allegations of the complaint that he does so against defendant Wright. In the absence of any further clarification from the plaintiff, the court concludes that plaintiff asserts only a state law assault and battery claim against defendant Wright, for the following reasons:

(1) In the introductory paragraph of his complaint, plaintiff divides his claims into (a) "violation of due process by the authority of the 6th Amendment granted by the US Constitution," and (b) "assault and battery." (Doc. # 1, p. 1). In the two subsequent paragraphs, plaintiff first alleges that Judge Cervera violated his "Constitutional Right by the Authority of the 6th Amendment to be informed of the nature and cause of the accusation" by refusing to answer plaintiff's questions and by holding plaintiff in contempt of court. (Doc. # 1, ¶¶ 1-2). Thereafter, plaintiff alleges that he was "assaulted" by defendant Wright, as set forth above. Similarly, in the Notice of Claim attached to his complaint, plaintiff

identifies his claims as "Ass[au]lt an[d] battery against officer Greg Wright, and violation of the US Constitution and state of Alabama Constitution by magistrate N.J. Cereva[sic]" (Doc. # 1-1).  Thus, it appears both from the face of the complaint and the Notice of Claim attached to plaintiff's complaint that plaintiff claims a violation of his constitutional rights by Judge Cervera, but only "assault and battery" by defendant Wright.

      (2) Plaintiff filed a notice of claim with the city.  Such a notice (or lawsuit) must be filed within six months of accrual of a cause of action to support recovery against a municipality for injury resulting from a state law tort committed by municipal employee; there is no such requirement as to a federal civil rights claim.  See Ala. Code (1975), §§ 11-47-23, 11-47-192; Morrow v. Town of Littleville, 576 So.2d 210, 214-16 (1991) (§ 11-47-23 does not apply to "a § 1983 claim filed in a state court in Alabama against a municipality"); Yanella v. City of Dothan, 66 F.Supp.2d 1233, 1236 (M.D. Ala. 1999) (notice of claim within six months of accrual is mandatory as to a state law tort claim against city); Patrick v. City of Florala, 793 F.Supp. 301, 303 (M.D. Ala. 1992) (tort claim notification requirements set forth in § 11-47-23 and § 11-47-92 do not apply to § 1983 claims).

      (3) The *facts* alleged by the plaintiff are not sufficient to suggest that the force Wright used against the plaintiff was objectively unreasonable so as to violate plaintiff's constitutional rights under the due process clause of the Fourteenth Amendment.  See Kingsley v. Hendrickson, 135 S.Ct. 2466 (2015).  As noted above, plaintiff's alleges only that, "[w]hile being held by other officers [he] was forcedly choked by Officer Greg Wright,

for two to three minutes. In the process of being choked [he] screamed for help gradually over and over." (Doc. # 1, p. 2). Whether Wright's conduct was objectively unreasonable depends on what plaintiff was doing at the time, and whether the force Wright used against the plaintiff, judged from Wright's perspective, was excessive in relation to a legitimate governmental objective, such as maintaining order in the jail. Id. at 2473-74. Plaintiff alleges no facts that permit a conclusion that Wright acted unreasonably under the circumstances; he does not allege that he was cooperating with the officers or complying with their instructions, and his allegation that he was "carried by other officers into the City Jail" suggests otherwise (See Complaint, ¶ 2).  Plaintiff appears to contend that Wright's conduct constituted an "assault" because he acted pursuant to the unlawful order of Judge Cervera. (Complaint, ¶ 2) ("With no jurisdiction to make the order of contempt or jurisdiction to make any order the judge/administrator, N.J. Cereva [sic], was completely in an excess of jurisdiction and ULTRA VIRES.  Due to these torts and ULTRA VIRES I was assaulted by Officer Greg Wright once carried by other officers into the City Jail.").

Only claims arising under state law remain pending against the municipal defendant. (See Doc. # 14) (District Judge's order dismissing § 1983 claims against the Troy City Municipal Court (City of Troy)).  Additionally, as set forth above, the court reads plaintiff's complaint – in the absence of any amendment from the plaintiff clarifying the nature of his claims – to assert only state law assault and battery claims against defendant Wright.  While plaintiff might have asserted federal claims expressly against the remaining defendants by

5

amendment, or alleged additional facts suggesting that Wright's conduct violated plaintiff's federal constitutional rights, plaintiff failed to comply with the court's order directing him to file an amended complaint. Because the court has dismissed all claims over which it had original jurisdiction, it may decline to exercise supplemental jurisdiction over plaintiff's state law claim. 28 U.S.C. § 1367(c)(3). The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004); see also Maughon v. City of Covington, 505 F. App'x. 818, 823 (11th Cir. 2013)(unpublished opinion) (finding no abuse of discretion in district court's declining to exercise supplemental jurisdiction over the plaintiff's state law claim after it had granted summary judgment on all of the federal claims). All of plaintiff's federal claims were dismissed upon initial screening of this case pursuant to 28 U.S.C. § 1915(e)(2)(B); thus, it is appropriate for the court to decline to exercise supplemental jurisdiction over plaintiff's state law claims.

**Plaintiff Fails to Allege a Violation of his Federal Constitutional Rights**

The court reads plaintiff's complaint to allege only a state law assault and battery claim against Officer Wright. However, as explained above, plaintiff does not allege facts sufficient to permit a reasonable inference that defendant Wright's use of force against him was not objectively reasonable under the circumstances. Thus, even if plaintiff's complaint is construed to assert an excessive force claim under the due process clause of the Fourteenth Amendment, the claim is due to be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to

state a claim on which relief may be granted.

## Rule 41(b) Dismissal

"If a plaintiff fails to comply with a court order, [the Eleventh] Circuit has held that a district court may *sua sponte* dismiss the case with or without prejudice under Rule 41(b) or its inherent powers where there is both a clear record of willful conduct and a finding that lesser sanctions are inadequate." Levinson v. WEDU-TV, 505 F. App'x. 919, 920 (11th Cir. 2013); see also Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2010) ("The Supreme Court also has held that '[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs[.]'") (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)).

The court ordered plaintiff to amend his complaint – and gave him specific direction about how to do so – in an effort to clarify the nature of his claims and to enable the remaining defendants to frame an adequate response to the complaint. Plaintiff's failure to comply with two consecutive orders of the court, in the face of warnings that noncompliance may result in dismissal of his claims and in the absence of any explanation from the plaintiff, demonstrates a clear pattern of willful disobedience by the plaintiff to the orders of this court. Because plaintiff's present complaint does not comport with the pleading requirements of Rule 8(a), except as to plaintiff's demand for relief, and because it does not permit the defendants to frame an adequate response, the court concludes that no lesser sanction than

dismissal without prejudice will suffice.[2]

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge:

(1) that plaintiff's remaining claims against the Troy City Municipal Court (City of Troy) and Officer Wright be DISMISSED without prejudice, as the claims arise under state law exclusively and there is no pending federal claim to support the continued exercise of supplemental jurisdiction over the claims; or

(2) in the alternative, to the extent that plaintiff's complaint may be construed to assert a federal excessive force claim against defendant Wright, that (a) any such federal claim be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, and (b) that the presiding District Judge decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims against Wright and the Troy City Municipal Court (City of Troy) and, accordingly, that all such state law claims also be DISMISSED without prejudice; or

(3) in the alternative, that this action be DISMISSED without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to the plaintiff's failure to prosecute this action or to comply with orders of the court.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate

---

[2] The court has ruled out monetary sanctions because of plaintiff's poverty, as evidenced by his declaration in support of his motion to proceed *in forma pauperis*. (See Doc. # 2-1).

Judge and to serve a copy on the parties. The parties may file objections to this Recommendation on or before February 11, 2016. Any such objections must identify the specific factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the party objects. The District Judge will not consider frivolous, conclusory, or general objections.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Judge of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; see Dupree v. Warden, 715 F.3d 1295 (11th Cir. 2013).

Done, this 28th day of January, 2016.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE